UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOSAKHARE ONUMONU, #303121,

        Petitioner,

v.

        CASE NO. 2:19-CV-11272
        HONORABLE GERSHWIN A. DRAIN

JOHN DAVIS,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S ABEYANCE MOTION

### I.

Michigan prisoner Nosakhare Onumonu ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal sentence. Petitioner was convicted of first-degree murder, MICH. COMP. LAWS § 750.316, following a jury trial in the Wayne County Circuit Court and was sentenced to life imprisonment without the possibility of parole. In his pleadings, Petitioner raises claims concerning his speedy trial right, the reinstatement of the first-degree murder charges, the identification procedures, the sufficiency of the evidence, the effectiveness of counsel, and the trial court's denial of a suppression motion. The matter is before the Court on Petitioner's motion to stay the proceedings and hold his habeas petition in abeyance so that he may return

to the state courts and exhaust additional issues based upon newly-discovered evidence. For the reasons stated below, the Court denies Petitioner's motion.

## II.

Petitioner's conviction arises from the death of a an 84-year-old woman in Detroit, Michigan in 1999. The crime was unsolved until 2011 when the Detroit police performed DNA testing on a glove found in the backseat of the victim's car and the sample matched Petitioner's DNA. Following his conviction and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the same claims contained in his present petition. The court denied relief on those claims and affirmed his conviction and sentence. *People v. Onumonu*, No. 329100, 2017 WL 2989046 (Mich. Ct. App. July 13, 2017) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Onumonu*, _ Mich. _, 922 N.W.2d 342 (Feb. 4, 2019).

Petitioner dated his federal habeas petition April 23, 2019. He dated the instant motion May 12, 2019.

## III.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve

any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). In addition, a Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition.

3

*Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). But stay and abeyance is available only in "limited circumstances," such as when the one-year statute of limitations poses a concern and the petitioner demonstrates "good cause" and that their unexhausted claims are not "plainly meritless." *See id.* at 277.

Here, Petitioner has not shown the need for a stay. His current habeas claims are exhausted and he has not shown that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a concern. The one-year limitations period did not begin to run until 90 days after the conclusion of his direct appeal. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (stating that if the federal prisoner chooses not to seek direct review in the United States Supreme Court, then the conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied leave to appeal on February 4, 2019 and the time for seeking a writ of certiorari with the United States Supreme Court expired 90 days later, on or about May 6, 2019. Petitioner dated his federal habeas petition on April 23, 2019. Consequently, none of the one-year period had run when Petitioner instituted this action. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral

4

review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time can be equitably tolled.  *See, e.g.*, *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004).   The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts.   28 U.S.C. § 2244(d)(2).   Given that nearly the entire one-year period remains, Petitioner has ample time to exhaust additional issues in the state courts and return to federal court should he wish to do so.   A stay is therefore unwarranted.

Moreover, while there is no evidence of intentional delay, Petitioner does not identify the additional issues he seeks to raise, such that the Court can determine whether his unexhausted claims are meritorious.   Similarly, while Petitioner asserts that he has received newly-discovered evidence, he fails to explain that statement or otherwise establish cause for his failure to exhaust all of his issues in the state court before proceeding on federal habeas review.   Given such circumstances, a stay is certainly unwarranted.

### IV.

Accordingly, the Court **DENIES** Petitioner's motion.   Should Petitioner wish to have the Court dismiss the present habeas petition so that he may pursue additional issues in the state court, he may move for a non-prejudicial dismissal of this case

within **30 DAYS** of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the pending petition.

    **IT IS SO ORDERED.**

Dated: June 11, 2019

                                                s/Gershwin A. Drain
                                                HON. GERSHWIN A. DRAIN
                                                United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 11, 2019, by electronic and/or ordinary mail.

                                                s/Teresa McGovern
                                                Case Manager